**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLIE HILL,** | ) | |
|    Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-0129-M-BH |
| | ) | |
| **BARRETT DAFFIN FRAPPIER** | ) | |
| **ETC LLP,** | ) | |
|    Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff filed this action on January 25, 2010. On February 8, 2010, the Court found that the motion to proceed *in forma pauperis* should be denied based on the information in Plaintiff's declaration. He was given thirty days to pay the full filing fee of $350.00. The order specifically warned that failure to timely pay the filing fee could result in dismissal of the case for failure to prosecute. Plaintiff has not paid the fee or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with an order that he pay the filing fee within thirty days, so the Court should dismiss his complaint.

### III.  RECOMMENDATION

The Court should **DENY** Plaintiff's *Motion to Proceed In Forma Pauperis* filed January 25, 2010, (doc. 2), and **DISMISS** his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 12th day of March, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE